


**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:20-cv-00147-ACA** |
| | } | |
| **JAMES M. SIMS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

The United States of America filed this action against Defendant James M. Sims pursuant to 26 U.S.C. § 7401 to obtain a judgment for federal income tax liabilities assessed against Mr. Sims and to foreclose the federal tax liens attached to real property at 2000 Eagle Crest Court, Birmingham, Alabama. (Doc. 1; Doc 32 at 1). Before the court is the government's motion for summary judgment. (Doc. 32). Upon consideration, the court **WILL GRANT** the motion because the government has established that the tax assessments and the federal tax liens are valid and enforceable.

## I. BACKGROUND

The property at issue in this case is a parcel located at 2000 Eagle Crest Court, Birmingham, Alabama 35242. (Doc. 32 at 11). More specifically, the property is

described as: "Lot 943, according to the Survey of Eagle Point, 9th Sector, as recorded in Map Book 22, Page 102, in the Probate Office of Shelby County, Alabama; being situated in Shelby County, Alabama." (*Id.*). Mr. Sims and his deceased wife acquired title to the property as joint tenants with the right to survivorship and, upon her death, her interest in the property passed to Mr. Sims. (Doc. 1 at 5).

For the 2007 through 2016 tax years, Mr. Sims filed federal income tax returns (Forms 1040–United States Income Tax Return for Individuals) but failed to pay the taxes he reported owing. (Doc. 32 at 2–9). The government gave Mr. Sims notice and demand for payment of these liabilities on five occasions from 2015 to 2017. (*Id.* at 11). A delegate of the Secretary of the Treasury assessed against Mr. Sims income tax, interest, penalties, and statutory additions. (*Id.* at 10). As of January 27, 2021, Mr. Sims owes $499,690.79. (*Id.* at 10).

The government moves for summary judgment on Counts I and II of its complaint to obtain judgment for the federal income tax liabilities assessed against Mr. Sims and to foreclose the federal tax liens attached to the property. (Doc. 32). Mr. Sims does not dispute the facts or the standard for summary judgment the government asserts in its brief. (Doc. 35). Instead, Mr. Sims asks the court to exercise equitable discretion in ordering foreclosure of the federal tax liens and deny the government's motion. (*Id.*).

## II. DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). In considering a summary judgment motion, the court must view the evidence in the light most favorable the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* (quotation marks omitted).

A properly made tax assessment is presumptively reducible to judgment. *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). The government has submitted evidence of income tax assessments for the tax years 2007 through 2016 (doc. 32 at 10) and Mr. Sims admits that the Internal Revenue Service properly assessed his tax liabilities for the tax periods at issue (doc. 35). There is thus no genuine issue of material fact as to whether Mr. Sims is liable for these unpaid taxes, and the government is entitled to summary judgment on Count I.

Under 26 U.S.C. § 6321, the government automatically acquires a lien on "all property and rights to property, whether real or personal, belonging to" someone who fails or refuses to pay a tax after demand. 26 U.S.C. § 7403(a) further provides that when the government files a civil action to enforce a lien with respect to such

liability, the court shall "proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property." Mr. Sims does not dispute that he owes federal income taxes for the 2007 through 2016 tax years or that the government gave him notice and demand for payment in 2015, 2016, and 2017. (Doc. 32 at 10–11; Doc. 35). Accordingly, the government has a valid lien against Mr. Sims' interest in the property and is entitled to summary judgment on Count II.

In opposition to the government's motion, Mr. Sims points to the factors enumerated by the Court in *United States v. Rodgers*, 461 U.S. 677 (1983), and asks the court to exercise equitable discretion to prevent or delay attachment of the lien to the property. (Doc. 35). However, the Court held in *Rodgers* only that a district court has limited discretion when it must decide if a forced sale of real property is appropriate. *Rodgers*, 461 U.S. at 706. ("[Section] 7403 does not require a district court to authorize a forced sale under absolutely all circumstances, and . . . some limited room is left in the statute for the exercise of reasoned discretion."). Here, the government asks for a declaratory judgment that the liens against the property are valid and enforceable but does not move for an order of sale. (Doc. 32 at 16). As such, the court has no occasion to consider whether a forced sale of the property would be appropriate at this time or to exercise discretion with regards to attachment of the lien.

## III. CONCLUSION

For the reasons stated above, the government has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Therefore, the court **WILL GRANT** the United States' motion for summary judgment.

The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this May 25, 2021.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE